**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| VERGIE L. REDUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:05-CV-146 CAS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court pursuant to the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton, filed February 29, 2008. See 28 U.S.C. § 636(b). The Magistrate Judge recommended that the Court grant plaintiff's request to reverse the decision of the Commissioner and remand the case for further administrative proceedings in order for the Administrative Law Judge ("ALJ") to obtain additional medical information addressing plaintiff's ability to function in the workplace and to formulate a new residual functional capacity ("RFC") for plaintiff. Neither party has filed an objection to the recommendation.

After careful review of the matter, the Court concurs with the recommendation of the Magistrate Judge that the Commissioner's decision in this matter should be reversed and this case remanded for further administrative proceedings. For the purpose of clarifying the record, however, the Court will modify the Report and Recommendation on one point.

Plaintiff, who once worked as an assembly line worker on a weld line, as an assembly worker on a paint line, as a cabinetmaker, and as a home healthcare assistant, applied for supplemental security income benefits under Title XVI of the Social Security Act and for disability insurance

benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq. Following an administrative hearing, plaintiff's claim was denied in a written opinion by an ALJ. The ALJ found that plaintiff was unable to perform her past relevant work, but she could perform other work existing in significant numbers.

In plaintiff's brief in support of her complaint, plaintiff's counsel inaccurately argued the ALJ erred by concluding plaintiff had the RFC to perform the requirements of her past work as a telemarketer. In his Report and Recommendation, Judge Blanton discussed plaintiff's argument, but he did not clarify that plaintiff never worked as a telemarketer or that the ALJ did not find plaintiff could perform her past relevant work – as a telemarketer or otherwise. The Court finds, however, that the omission does not impact the outcome of the case.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge, as modified, is **sustained, adopted** and **incorporated** herein. [Doc. 18]

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED**.

**IT IS FURTHER ORDERED** that pursuant to sentence four of 42 U.S.C. § 405(g), this case is **REMANDED** to the Commissioner for further proceedings consistent with the Report and Recommendation.

An appropriate judgment of remand will accompany this order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___24th___ day of March, 2008.